Common Pleas Court of Hamilton County.

WEBSTER B. BURKHARDT ET AL. V. CENTURY ATHLETIC CLUB.

(Decided March 8, 1930.)

*George A. Hamma,* for plaintiffs.
*Otis R. Hess,* for defendants.

BELL, J.

Twelve cases were tried and submitted upon the same evidence, and as all of them involve the same questions, they will be considered and decided together. The plaintiffs seek to recover certain sums of money paid by them for life membership certificates to the defendant, the Century Athletic Club. The recovery is sought upon the theory, as set up in the petitions, that misrepresentations were made in a prospectus issued by the defendant and also verbally by its agents in soliciting from the plaintiffs the purchase of these life membership certificates. The prospectus, which was introduced in evidence, contained the statement that the defendant would build a fifteen story building at the southwest corner of Fifth and Sycamore streets in Cincinnati, Ohio. The building which it was proposed to build was to include assembly halls, gymnasiums, billiard rooms, bowling alleys and many other conveniences and amusements, all of which are fully set out in the petitions.

The petitions further set forth that the defendant changed its plan and now proposes to construct the building at the northeast corner of Eighth and Elm streets in the city of Cincinnati, the change in location is the only misrepresentation claimed by plaintiffs. After further setting forth that the Eighth and Elm street location is inconvenient, unsatisfactory and valueless to the plaintiffs, judgment is prayed for against the defendant in such sum as plaintiffs paid for the life membership certificate.

The answers of the defendant are substantially the same, and after admitting that the plaintiffs purchased the life membership certificate claimed and admitting corporate capacity, admit that the defendant has purchased

an interest in real property located at Eighth and Elm streets in Cincinnati, Ohio, and deny all of the other allegations of the petitions. The second defense sets up that the defendant corporation is directed and controlled by a board of directors who are governed by the constitution, by-laws and code of regulations, and that by virtue thereof the board of trustees had authority to purchase real estate for a club site, that the constitution, by-laws and code of regulations were in full force and effect at the time the plaintiffs purchased the certificates which are the subject matter of the causes of action. The third. defense sets forth that there was an election held at which the entire membership of the corporation had the right to vote upon a location for the building site, and that 81 per cent. of the membership voting voted in favor of a site at the corner of Eighth and Elm streets. The fourth defense is that at a meeting of the membership held in October, 1928, at which a quorum was present, the membership ratified the action of the board of trustees in purchasing the real estate at the northeast corner of Eighth and Elm streets.

The plaintiffs have filed replies in which they deny all of the new matter set forth in the answers of the defendant.

The evidence introduced was substantially as follows: The Century Athletic Club was organized under the laws of Ohio as a corporation not for profit, the purpose of which was to promote the physical and social welfare of its members; after the corporation was formed, a prospectus was issued and circulated setting forth the aims and purposes of the Club. In that prospectus it was stated that the Club would build a fifteen story building at the corner of Fifth and Sycamore streets in Cincinnati and that the building would contain the usual equipment common to such club buildings.

The plaintiffs either saw or were given, by the agent of the defendant, a prospectus and the agent made the statement to the plaintiff at the time of soliciting the membership that the Club had an option upon the property located

at Fifth and Sycamore. With reference to this option, the evidence discloses without contradiction that William B. Reakirt was the owner of the fee and that Walter A. Friedlander was the owner of a lease-hold estate for ninety-nine years, renewable forever; that the defendant corporation had negotiated with Mr. Friedlander the purchase of his leasehold estate in the property; that a price had been agreed upon, and that about the time the contract was to be drawn, the city of Cincinnati made known to Mr. Friedlander and the defendant that it intended widening Fifth street under a statute giving the city a right to condemn land in excess of that actually needed for a public improvement, and that it was about to condemn so much of this lot or parcel of real estate as to make it impossible for the defendant to construct the anticipated building upon the remainder.

The evidence shows that both the defendant corporation and Mr. Friedlander acted in perfect good faith, and there is no evidence to support a contrary theory. It was admitted that the defendant acted in good faith and that the failure of Mr. Friedlander to transfer and the defendant corporation to receive the property at Fifth and Sycamore was caused by the action of the city, over which action Mr. Friedlander and defendant had no control. The evidence further discloses that an action is now pending in the Supreme Court of the United States to determine the constitutionality of the Ohio excess condemnation statute, which suit is undecided.

No evidence was offered that the defendant had started or completed any club building at any other point except Fifth and Sycamore. It was claimed, however, that it intended to build a club building at Eighth and Elm streets at some future time.

The legal questions upon the facts presented are easy of solution.

The plaintiffs have made no showing, nor has there been any evidence introduced which would warrant the court in holding that the defendant may not entirely carry out the promise made in the prospectus and if for no other reason

than this, the plaintiffs would not be entitled to the relief prayed for.

Assuming, however, that the defendant does not intend to build a club building at Fifth and Sycamore, but does intend and proceed to build it at Eighth and Elm, have the plaintiffs then presented a state of facts which would entitle them to the relief prayed for? In determining this, it is not necessary to decide whether the statement that the club building would be built at Fifth and Sycamore was a material fact in connection with the plaintiffs' purchase of the life membership certificate; assume this statement to be a material fact; unless the representation by the defendant of such material fact (which consisted of a promise to do some act in the future) was made without any intention of carrying out that promise, the plaintiffs cannot recover. The great weight of authority in this country, supports the proposition that where a future promise is made which is relied upon by another, such promise cannot be made the basis of a recovery unless the person relying thereon can show that at the time the promise was made there was no intention of fulfilling it upon the part of the promisor.

The court is of the opinion that the judgment in these cases should be for the defendant, and an entry may be drawn accordingly.